# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Christa Casillas, | Case No. 2:26-cv-01096-CDS-BNW |
| Plaintiff(s), | **Order** |
| v. | |
| Democracy Prep Agassi Campus, et al., | |
| Defendant(s). | |

Pursuant to the Early Neutral Evaluation ("ENE") Program as outlined in Local Rule 16-6, an ENE session is hereby scheduled to commence at 10:00 a.m. on **August 4, 2026**.[1] The ENE will be held remotely by video, with further instructions to be provided at a later date regarding the logistics for appearances.[2] These instructions will be sent to any *pro se* party and to the attorneys of record, who are responsible for forwarding that information to all other required participants on their side of the case.

The following individual(s) are <u>required to appear</u> for the duration of the ENE session:

1. At least one attorney of record for each party with full knowledge of the case and who will be participating in the trial;

2. All parties appearing *pro se*;

3. All individual parties;

4. In the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim; and

---

[1] Any request to change the date of the ENE must be made in writing. Absent unexpected circumstances like illness, any such request must be filed within 14 days of the issuance of this order. Such request must include at least five alternative dates on which all required participants are available to attend the ENE. The parties must meet and confer on such dates prior to the filing of the request. If the request is not filed as a stipulation, any response must be filed three days after service of the request.

[2] While the ENE will be held remotely, counsel and the parties are advised that they are expected to observe proper courtroom decorum, dress appropriately, and appear from a suitable location (*i.e.*, not in a car).

5. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with binding authority to settle this matter up to the full amount of the claim.[3]

Any request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order.  If the request is not filed as a stipulation, any response must be filed three days after service of the request.  Requests for an exception must be supported by a compelling justification.

In preparation for the ENE, the attorneys for each party and any party appearing *pro se* must discuss settlement and exchange an initial demand and an initial counteroffer by **July 20, 2026**.  The parties must also file, no later than **July 22, 2026**, a joint statement with the parties' position as to whether holding the early neutral evaluation would be futile.

The attorneys for each party and any party appearing *pro se* must also submit a confidential written evaluation statement for *in camera* review.  The purpose of the evaluation statement is to assist the undersigned in preparing for and conducting the ENE session.  In order to facilitate a meaningful session, your utmost candor in providing the requested information is required.  The written evaluation statements will not be seen by or shared with the district judge or magistrate judge to whom this case is assigned.  The evaluation statements will be seen by no one except the undersigned and her staff.

The statements must be bound and tabbed.  *Cf.* Local Rule IA 10-1(c); Local Rule IA 10-3(i).  The evaluation statement must be concise and must:

1. Identify by name or status the person(s) with decision-making authority who, in addition to the attorney, will attend the early neutral evaluation session as representative(s) of the party, and persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the early neutral evaluation session or the prospects of settlement;

2. Describe briefly the substance of the suit, addressing the party's views on the key liability and damages issues;

3. Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

---

[3] Early neutral evaluations are closed to the public.  Non-parties, including family members, are not permitted to attend.

4. Include copies of documents, pictures, recordings, and other evidence out of which the suit arose, or whose availability would materially advance the purposes of the evaluation session (*e.g.*, medical reports, documents by which special damages might be determined);

5. Discuss the strongest and weakest points of your case, both factual and legal, including a candid evaluation of the merits of your case;

6. Estimate the expense (including attorney's fees and costs) of taking this case through trial;

7. Describe the history of any settlement discussions and detail the demands and offers that have been made and the reason settlement discussions have been unsuccessful;

8. Certify that the party has made initial disclosures under Fed. R. Civ. P. 26(a)(1) and that the plaintiff has provided a computation of damages to the defendant under Fed. R. Civ. P. 26(a)(1)(A)(iii);

9. Provide the initial settlement proposal that will be presented at the early neutral evaluation with a justification for any monetary amount. The proposal must include any non-monetary settlement terms that will be presented;

10. Identify all mitigation efforts undertaken by the plaintiff, including the name(s) of any employer(s), the dates of any intervening employment, and the amounts earned from any intervening employment. The statement must also identify any amounts received for unemployment; and

11. Attach any arbitration provision that does or may apply to the case. The statement must also certify whether the parties have discussed or agreed to arbitration, and identify the pertinent details.

*See* Local Rule 16-6(f). The evaluation statements must be submitted in an envelope marked "Confidential" to the undersigned's box in the Clerk's Office no later than **3:00 p.m. on July 28, 2026**. **DO NOT SERVE A COPY ON OPPOSING COUNSEL OR OPPOSING PARTY.**

**The parties and counsel must be substantially prepared to meaningfully participate in the ENE session in good faith. FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

IT IS SO ORDERED.

Dated: May 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3